United States District Court
Southern District of Texas
**ENTERED**
July 01, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| CHRISTOPHER HELM § | |
| § | |
| Petitioner § | |
| VS. § | CIVIL ACTION NO. 2:19-CV-00306 |
| § | |
| UNITED STATES OF AMERICA § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Christopher Helm is a federal offender who is currently on supervised release in Corpus Christi, Texas. Proceeding *pro se*, Helm filed an original habeas corpus petition pursuant to 28 U.S.C. § 2241 on October 9, 2019. (D.E. 1). Helm contends that he is entitled to relief under the savings clause of 28 U.S.C. § 2255(e) because *Rehaif v. United States*, 139 S. Ct. 2191 (2019), establishes that he is not guilty of the underlying offense of knowingly being a felon in possession of a firearm. Respondent filed a motion to dismiss, to which Helm has not responded. (D.E. 22). Because Helm has not established that he can meet the savings clause of § 2255(e), he cannot use § 2241 to attack his conviction and sentence. Accordingly, as discussed further below, it is recommended that Respondent's motion to dismiss be granted and Helm's § 2241 petition be dismissed for lack of jurisdiction.

I. **BACKGROUND AND PETITION**

In July 2006, Helm was charged in an indictment with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). (Crim. D.E.

10 at 1).[1] At the rearraignment hearing, Helm pleaded guilty without a plea agreement. (Crim. D.E. 35 at 25, 27). During the plea colloquy, Helm admitted that, along with the other elements of the offense, he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year. (*Id.* at 33-34). At sentencing, the court found that Helm qualified as an armed career criminal under 18 U.S.C. § 924(e) and sentenced him to the statutory mandatory minimum of 180 months' imprisonment, along with 5 years of supervised release. (Crim. D.E. 36 at 10).

On direct appeal, Helm challenged the armed-career-criminal provision facially and as applied to his prior convictions. (Crim. D.E. 44 at 3-5). The Fifth Circuit affirmed his sentence in October 2007. (*Id.* at 5). Helm subsequently filed a motion to vacate under 28 U.S.C. § 2255. (Crim. D.E. 46). The court granted this motion in part and scheduled Helm for resentencing, but ultimately imposed the same sentence again. (Crim. D.E. 56; Crim. D.E. 82 at 38). The Fifth Circuit again affirmed Helm's sentence. (Crim. D.E. 88). Helm filed several other § 2255 motions and other motions related to his sentence, all of which the court denied. (Crim. D.E. 91, 92, 94, 104, 105, 106, 108, 109, 111, 115).

In the current § 2241 petition, Helm first argues that the holding in *Rehaif* establishes that he is innocent of the offense of being a felon in possession of a firearm because the government did not provide any evidence that he knew of his status as a felon when he committed the offense. (D.E. 1 at 6). Second, he argues that, based on the

---

[1] Helm's underlying criminal proceedings are available in case number 2:06-cr-00521. Citations to "Crim. D.E." are to documents in the criminal proceedings.

savings clause of § 2255(e), a petition under § 2241 is the appropriate way to seek relief because the general § 2255 remedy is inadequate or ineffective. (*Id.* at 6-8). Helm asserts that he meets the requirements of the savings clause because he is actually innocent and the holding in *Rehaif* is retroactive as a watershed rule of criminal procedure. (*Id.* at 9-11).

## II. DISCUSSION

In the motion to dismiss, the government contends that Helm has not established that he meets the requirements of the savings clause because *Rehaif* did not announce a new rule of constitutional law that applies retroactively and Helm has not shown that he is actually innocent. (D.E. 22 at 6). As to *Rehaif*, the government argues that it interpreted a statute, but was not made retroactive on collateral review. (*Id.* at 6-7). As to actual innocence, the government argues that Helm acknowledged at the rearraignment and sentencing proceedings that he had previously been convicted of a crime punishable by a term of imprisonment greater than a year, which suggests he knew of his status. (*Id.* at 7-8).

Helm has not responded.

"A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 are distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A § 2241 petition attacks the manner in which a sentence is carried out or the prison authorities' determination regarding its duration. *Id.* In contrast a § 2255 motion is the primary means for collateral attack of a federal sentence and relief is warranted for errors

3

that occurred at or prior to sentencing. *Id.* Given their differing purposes, a § 2241 petition is not a substitute for a § 2255 motion and, generally, a document filed as a § 2241 petition that challenges the validity of a federal sentence must be either construed as a § 2255 motion or dismissed. *Id.* at 452.

There is an exception to that general rule in the savings clause of § 2255(e), however, which provides that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Accordingly, a § 2241 petition that challenges a federal sentence or conviction is procedurally appropriate where the § 2255 remedy is inadequate or ineffective. *Pack*, 218 F.3d at 452.

The petitioner bears the burden of establishing that the § 2255 remedy is inadequate or ineffective. *Id.* The savings clause exception is available exceptionally rarely and requires more than a prior unsuccessful § 2255 motion, a procedural bar, or an inability to meet the requirements for filing a second or successive § 2255 motion. *Id.* at 452-53. Instead, the savings clause applies to a claim that: (1) is based on a retroactively applicable Supreme Court decision that establishes that the petitioner may have been convicted of a nonexistent offense; and (2) was foreclosed by circuit law at the time it could have been raised at trial, on appeal, or in a first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). The savings clause is most often

implicated where the Supreme Court determines the substantive reach of a federal criminal statute, as such a claim does not meet the requirements to file a second or successive § 2255 motion and creates a significant risk that a defendant was convicted of a nonexistent offense. *Id.* at 903-04.

Under 18 U.S.C. § 922(g), it is unlawful for certain individuals, including convicted felons, to possess a firearm. Under 18 U.S.C. § 924(a)(2), any person who "knowingly violates" § 922(g) shall be fined or imprisoned for up to ten years. This sentence is enhanced to a mandatory minimum of 15 years' imprisonment if the individual has three previous convictions for a violent felony or serious drug offense. 18 U.S.C. § 924(e). In *Rehaif*, the Supreme Court held that the word "knowingly" in § 922(g) applies to both the defendant's conduct and his status. *Rehaif*, 139 S. Ct. at 2194. Thus, in order to obtain a conviction, the government must prove that the defendant knew that he possessed a firearm and that he knew he had the relevant prohibited status at the time. *Id.*

Here, Helm has not established that his claim meets the requirements of the savings clause because he has not raised a claim based on a retroactively applicable Supreme Court decision. Even if Helm's claim could otherwise meet the other requirements of a savings clause claim, *Rehaif* was not made retroactively applicable on collateral review. *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (stating as much in the context of an application for leave to file a second or successive § 2255 motion; *Nixon v. United States*, No. 4:19-cv-747-A, 2019 WL 6498088 at *3 (N.D. Tex. Dec. 3, 2019) (stating as much in the context of a savings clause analysis); *United States v.*

5

*Saenz*, No. 6:19-77, 2020 WL 1321600 at *2 (S.D. Tex. Mar. 16, 2020) (stating as much in the context of an initial § 2255 motion). This fact alone forecloses him from raising his claim in a § 2241 petition. Accordingly, the petition should be dismissed for lack of jurisdiction, with prejudice to the jurisdictional issue, but without prejudice as to the merits of the claim. *See Pack*, 218 F.3d at 454.

### III. RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's motion to dismiss (D.E. 22) be granted and Helm's § 2241 petition be dismissed for lack of jurisdiction.

Respectfully submitted this 30th day of June, 2020.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).